# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

In re:

**KATRINA DENISE SIGMON**

Soc. Sec. No. xxx-xx-1205
Mailing Address: 117 Les Lane, Dudley, NC 28333

Debtor.

**BANKRUPTCY**
**CASE NO.: 14-03549-5-RDD**

**CHAPTER 13**

**KATRINA SIGMON**,

Plaintiff,

**ADVERSARY PROCEEDING**
**CASE NO.:** _____

v.

**AMERICAN MANAGEMENT ASSOCIATES, LLC,**

Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Katrina Sigmon for actual damages, statutory damages, and civil penalties against Defendant American Management Associates, LLC for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights, and the North Carolina Collection Agency Act, N.C.G.S. § 58-70-90 *et seq* ("NCCAA").

### II. JURISDICTION

2. This Bankruptcy Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157(b)(2) and 1334, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of North Carolina on August

3, 1984 (Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

3. This matter is a "core" proceeding as that term is explained in 28 U.S.C. § 157(b)(2), and in particular as described in 28 U.S.C. § 157(b)(2)(E) in that it concerns the attempted turnover of property of the estate, *viz.* recovery of damages against the Defendant, which arose pre-Petition and which is property of the bankruptcy estate.

4. To the extent this Bankruptcy Court may find this to be a non-core proceeding, the Plaintiff consents to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. § 157(c)(2).

5. To the extent this Bankruptcy Court finds that it lacks constitutional authority for the entry of a final order in this matter, the Plaintiff consents to the hearing of this matter by the Bankruptcy Court, with proposed findings and conclusions thereafter being submitted to the District Court in accordance with 28 U.S.C. § 157(c)(1).

6. The Plaintiff herein requests and expressly consent to a jury trial to be conducted by the bankruptcy court, as allowed pursuant to 28 U.S.C. § 157(e).

7. In the event that the Defendant does not provide express consent to the Bankruptcy Court conducting a jury trial, the Plaintiff reserves the right to request the withdrawal, pursuant to 28 U.S.C. § 157(d), of the reference of this matter by the District Court to Bankruptcy Court.

### III. **PARTIES**

8. Plaintiff Katrina Sigmon is an individual who resides in Dudley, North Carolina, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the NCCAA, N.C.G.S. § 58-70-90(2).

9. Defendant American Management Associates, LLC is a corporation and collection

agency located in Goldsboro, North Carolina.

10. Defendant is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

11. Defendant regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant engages, directly or indirectly, in debt collection from consumers.

13. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.G.S. § 58-70-1.

14. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant was and is a "collection agency" as defined by N.C.G.S. §§ 58-70-15(a) and 90(1).

## IV. FACTUAL ALLEGATIONS

16. Ms. Sigmon received medical treatment and/or services from Wayne Memorial Hospital.

17. Ms. Sigmon was unable to pay for the treatment and/or services from Wayne Memorial Hospital ("the Debt.").

18. The Debt was incurred for personal, family, or household purposes, *i.e.*, medical treatment and/or services.

19. Defendant obtained the Debt after it entered default.

20. By correspondence dated November 22, 2013, Defendant arranged for the preparation and transmittal of a letter to Ms. Sigmon at her residence in an attempt to collect the Debt. Defendant's November 22, 2013, letter to Ms. Sigmon is attached hereto as Exhibit A.

21. Exhibit A contains:

>Payment in full must be received within five (5) days. Otherwise, further collection action will be taken.
>
>\*\*\*
>
>This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you fail to dispute the validity of this debt or any part thereof within 30 days after you received this notice, we will assume that the debt is valid.

<u>Exhibit A</u>.

    22.    <u>Exhibit A</u> was the initial communication from Defendant to Ms. Sigmon regarding the Debt.

    23.    <u>Exhibit A</u> does not communicate that a written dispute will result in Defendant obtaining verification or a copy of a judgment and sending it to Ms. Sigmon.

    24.    "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

    25.    Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>(1) the amount of the debt;
>
>(2) the name of the creditor to whom the debt is owed;
>
>(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

26. Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

27. By failing to tell Ms. Sigmon that a request for verification must be made "in writing" (as required by Section 1692g(a)(4)), in order to receive verification, Defendant failed to communicated information to Ms. Sigmon that is required by the FDCPA. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on a consumer such as Ms. Sigmon, because she would not know that only a written dispute would require Defendant both 1) to send verification; and 2) to cease collection efforts in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006). *See also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008); *Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

28. "Every district court to consider the issue has held that a debt collector violates

§1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See*, *e.g.*, *Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870. Here, Defendant did not even attempt to comply with Section 1692g(a)(4), but instead chose to exclude the required language altogether.

29. Plaintiff demands a trial by jury over all claims.

## V.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendant's violations of the FDCPA include, but are not limited to:

    A)   failing to inform consumers that their request for verification of the alleged debt must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and

    B)   using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10).

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI.    COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT

33. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

34. Defendant's violations of the NCCAA include, but are not limited to attempting to collect a debt by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110.

35. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

**VII.    REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Katrina Sigmon requests that judgment be entered in her favor against Defendant American Management Associates, LLC for:

1. Actual damages in an amount to be determined by a jury;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) for violations alleged in Count One;

3. Civil penalties of $4,000.00 pursuant to N.C.G.S. § 58-70-130(b) for each violation alleged in Count Two;

4. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5. For such other relief as the Court may find to be just and proper.

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s John T. Orcutt
John T. Orcutt
N.C. State Bar Number: 10212
6616-203 Six Forks Road
Raleigh, NC 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: postlegal@johnorcutt.com

ATTORNEY FOR PLAINTIFF KATRINA SIGMON